IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 23-cr-00310-CNS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. DOMINICK JESUS SALAZAR,

    Defendant.

---

**ORDER OF DETENTION**

---

    THIS MATTER came before the court for a detention hearing on July 3, 2023. The government is requesting detention in this case. The defense did not contest detention. In making my findings of fact, I have taken judicial notice of the entire court file.

    In order to sustain a motion for detention, the government must establish that there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably assure (a) the appearance of the defendant as required or (b) the safety of any other person or the community. 18 U.S.C. § 3142(b). The former element must be established by a preponderance of the evidence, and the latter requires proof by clear and convincing evidence.

    The Bail Reform Act establishes the following factors to be considered in determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of the community:

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person including–
>
> > (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> >
> > (B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Weighing the factors set out in the Bail Reform Act, I find the following: The defendant is charged with knowingly and intentionally possessing with intent to distribute 50 grams and more of a mixture and substance containing a detectible amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii); possession of a firearm and ammunition in and affecting interstate and foreign commerce, knowing that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1); and knowingly possessing a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States (i.e., possessing with intent to distribute a controlled

substance, as charged in Count 1 of the indictment), in violation of 18 U.S.C. § 924(c)(1)(A)(i). The defendant has five prior felony convictions, including a guilty plea for possession of a controlled substance, as well numerous convictions for misdemeanor and petty offenses. The defendant has a history of violent behavior, including multiple instances of aggravated motor vehicle theft. The defendant has a history of 11 prior failure to appear resulting in the issuance of a warrant. The defendant has used alias names and at least one alias date of birth. The defendant has an extensive history of revocation of community supervision, including probation and community corrections, and had absconded from parole at the time of the alleged instant offenses in this case.

Based on this evidence, I find that there are no conditions or combination of conditions that I can impose to assure the safety of the community or the defendant's presence at future court dates.

IT IS ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

IT IS FURTHER ORDERED that the defendant is to be afforded a reasonable opportunity to consult confidentially with defense counsel; and

IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

DATED: July 3, 2023

BY THE COURT:

s/ Susan Prose
United States Magistrate Judge