IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 23-CR-310-CNS

UNITED STATES OF AMERICA,

        Plaintiff,

v.

DOMINICK SALAZAR,

        Defendant.

---

**SECOND MOTION TO EXCLUDE NINETY (90) DAYS FROM SPEEDY TRIAL ACT**

---

    Dominick Salazar, through counsel, respectfully moves this Court, pursuant to 18 U.S.C. § 3161(h)(7)(A), for a 90 day ends of justice continuance, including a corresponding extension of relevant deadlines, including the pretrial motions deadline. The government objects to this motion. For the following reasons, Mr. Salazar submits that the amount of time requested in this motion is necessary and appropriate:

    I.    <u>Procedural and Factual Background</u>

    On June 21, 2023, the government filed an Indictment against Mr. Salazar, alleging violations of 18 U.S.C. 841(a)(1) and (b)(1)(B)(viii); 18 U.S.C. § 922(g)(1); and 18 U.S.C. 924(c). (ECF 1). Mr. Salazar first appeared for that Indictment on June 28, 2023. (*See* ECF 4).

    Counsel entered a Notice of Attorney Appearance on behalf of Mr. Salazar on June 29, 2023. (ECF 8). On July 27, 2023, Mr. Salazar filed a Motion to Exclude Ninety Days from Speedy Trial Act. (ECF 15). The Court granted this motion on July 31, 2023. (ECF 18).

1

At the time of the first Motion to Exclude, Mr. Salazar had not been able to review any of his discovery or even meet in-person with his defense lawyer. Defense counsel received initial discovery for Mr. Salazar's case on July 14, 2023. Because Mr. Salazar has been detained at the Washington County Jail in Akron, Colorado – a facility approximately 2 hours from Denver by car with very limited meeting space, the earliest in-person legal visit defense counsel could schedule with Mr. Salazar was July 31, 2023. During this meeting, Mr. Salazar began reviewing his discovery with his attorney and identified multiple issues requiring follow-up investigation by his defense team. Additional investigative tasks have also been identified as the defense investigation has progressed. Undersigned counsel has been diligent in pursuing necessary defense investigation, but investigative tasks remain pending and additional time is, therefore, required.

The offenses alleged in this case occurred in Pueblo, Colorado. The allegations stem from officers' observations of a motel room where multiple people were seen coming and going from the room where suspected drug transactions occurred and where drugs were later found. Some of these people carried bags. Mr. Salazar was just one of the persons officers spotted exiting and entering this room. The officers later confirmed that Mr. Salazar did not rent the motel room. The methamphetamine Mr. Salazar is accused of possessing was found inside this motel room. Mr. Salazar's defense team has been trying to identify and locate the people the officers saw entering and leaving this motel room. But many of these witnesses are transient, making them difficult to locate, and conducting this investigation requires travel to Pueblo. And the investigator for Mr. Salazar's case currently has a caseload of more than 50 cases requiring his time and attention and many of those cases require travel, as well.

In addition to the "gumshoe" investigation that must be conducted to preserve Mr. Salazar's constitutional right to effective assistance of counsel, certain records are also required for this case that have not yet been received. Mr. Salazar was interviewed by police on the day he was arrested. This interview was video recorded. Mr. Salazar appears sick and hunched over in the video, raising questions about the voluntariness of his statements to law enforcement. After this interview, Mr. Salazar was booked into the local jail, where a medical and drug screen was performed. Those results would show whether Mr. Salazar was sick or under the influence at the time of his custodial interrogation. Records from the jail would also identify potential witnesses to his physical condition, including medical staff, who Mr. Salazar's defense team may need to interview to determine whether grounds exist for a motion to suppress his statements. Mr. Salazar's defense team requested these records promptly after undersigned counsel's July 31 meeting with Mr. Salazar, but a response is still pending. Despite the diligence of Mr. Salazar's defense team, additional time is needed.

II.     Speedy Trial Calculation

At the time of the first motion to exclude, approximately forty-one (41) days remain in the original speedy trial period. (ECF 15). The current speedy trial date is December 10, 2023. (ECF 18). An extension of 90 days would move the 70-day speedy trial date to approximately March 9, 2024.

III.    Standard for Continuances

A court shall exclude a period of delay from computing the time within which a trial must commence where "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *See* 18 U.S.C. § 3161(h)(7)(A). The factors to be considered in such an evaluation are listed at 18 U.S.C. § 3161(h)(7)(B)(i)-(iv). Pertinent factors

that apply to an "ends of justice finding" in the present case include: Pertinent factors that apply to an "ends of justice" finding in the present case include:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or a result in a miscarriage of justice.
>
> . . . .
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for the effective preparation, taking into account the exercise of due diligence.

*See* 18 U.S.C. §1361(h)(7)(B)(Westlaw 2014).  *See also United States v. Toombs*, 574 F. 3d 1262, 1268-69 (10th Cir. 2009).

"Adequate preparation time is a clearly permissible reason for granting a continuance and tolling the Speedy Trial Act." *United States v. Gonzales*, 137 F.3d 1431, 1435 (10th Cir. 1998). The Supreme Court has recognized that "subsection (h)(7) expressly accounts for the possibility that a district court will need to delay a trial to give the parties adequate preparation time" to ensure the ends of justice are met, and that "subsection (h)(7) provides 'much of the Act's flexibility.'" *Bloate v. United States,* 130 S.Ct. 1345 (2010).

IV.   Argument

This case meets the criteria set forth in 18 U.S.C. § 3161(h)(7). Mr. Salazar requests a finding that the ends of justice will be served by the granting of the requested continuance because "the failure to grant such a continuance in the proceeding would...result in a miscarriage of justice" and "would deny counsel for the defendant…reasonable time necessary for effective preparation." 18 U.S.C. § 3161(h)(7)(B)(iv).

Defense counsel requires 90 additional days to complete necessary pre-trial investigation, research the pertinent legal issues, prepare appropriate pre-trial motions, and fully advise Mr. Salazar as to both the likelihood of success or failure at trial and the sentencing range he will face if convicted, as well as prepare for trial or negotiate a favorable disposition with the government on Mr. Salazar's behalf.

The failure to grant the requested continuance in this case would result in a miscarriage of justice and would also deny undersigned counsel the reasonable time necessary for effective preparation pursuant to 18 U.S.C. § 3161(h)(7)(B)(i) and (iv). The charges against Mr. Salazar are serious. Counts 1 and 3 of the Indictment carry mandatory minimum penalties of 5 years' imprisonment each, with Count 3 specifically requiring a consecutive sentence. The maximum punishment for Count 1 is 40 years' imprisonment and the maximum period of imprisonment for Count 3 is life. Mr. Salazar should not be rushed into a plea or trial in this case without being afforded the opportunity to thoroughly investigate the allegations against him and meaningfully meet with his attorney about his case. Furthermore, at the time the first motion to exclude was filed, neither Mr. Salazar nor his defense team understood the extent of investigation that would be required because meaningful discovery review had not yet happened. More time would have been requested at the outset if the level of investigation required for this case had been known.

The nature and facts of the case are such that no amount of diligent work can ensure effective assistance of counsel within the current speedy trial time-frame. Additional time is needed to investigate the allegations contained in the discovery and research any potential defenses and motions issues. More time is essential to guarantee his right to effective representation. Defense counsel believes the requested extension would serve the requested

purpose. The present request is Mr. Salazar's second request for additional time under the Speedy Trial Act.

WHEREFORE, Mr. Salazar respectfully requests that this Court issue an Order excluding 90 days from the speedy trial time limitations.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


s/Kilie Latendresse
KILIE LATENDRESSE
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
kilie.latendresse@fd.org
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on September 21, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Daniel R. McIntyre, Assistant United States Attorney
Daniel.McIntyre@usdoj.gov


and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Dominick Salazar (via U.S. Mail)


s/Kilie Latendresse
KILIE LATENDRESSE
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
kilie.latendresse@fd.org
Attorney for Defendant