IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.  1:23-cr-00310-CNS

**UNITED STATES OF AMERICA,**

 Plaintiff,

v.

1. **DOMINICK SALAZAR,**

 Defendant.

---

**GOVERNMENT'S RESPONSE AND OBJECTION TO THE DEFENDANT'S SECOND MOTION TO EXCLUDE NINETY (90) DAYS FROM THE SPEEDY TRIAL ACT**
**[ECF-20]**

---

 The United States of America, by and through United States Attorney for the District of Colorado Cole Finegan, through Assistant United States Attorney Daniel R. McIntyre submits its Response and Objection to the Defendant's Second Motion to Exclude Ninety (90) Days from the Speedy Trial Act.  [ECF-20].

 On June 21, 2023 the defendant was named in a three count indictment charging him with possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a), (b)(1)(B), possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(1), and possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c).  On July 27, 2023, the defendant filed his first Motion to Exclude 90 Days from the Speedy Trial Act (STA).  [ECF-15].  Over the government's

partial objection, the Court granted that motion and excluded 90 days in addition to the 70 permitted by default under the STA on July 31, 2023. [ECF-17 and 18].

On September 21, 2023, the defendant filed his second motion to exclude an additional 90 days from the speedy trial clock. [ECF-20]. The government does not believe there is sufficient justification to extend the speedy trial clock approximately six months beyond the time an ordinary case is presumed to be resolved under the STA. Accordingly, the government opposes the request on the record provided.

## I.     Background

The defendant was charged by indictment on June 21, 2023. [ECF-1]. He was arrested on June 28, 2023 and his attorney entered her appearance the next day. [ECF-4 and 8]. The defense received initial discovery on July 14, 2023. [ECF-15, pp. 1-2]. The discovery in this case is not extensive and consists of 312 pages of reports and approximately 7 hours of video evidence. [ECF-15, p.2]. While it is likely there will be additional discovery obtained and disclosed, the government does not anticipate it will be extensive. Additionally, the facts of this case are not complicated.

## II.    The Speedy Trial Act

The Speedy Trial Act of 1974, codified at 18 U.S.C. §§ 3161-3174, provides in relevant part:

> The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:
>
> (7)(A) Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

The Speedy Trial Act is "designed to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in ensuring prompt criminal proceedings." *United States v. Hill*, 197 F.3d 436, 440 (10th Cir. 1999).  The STA requires that a criminal defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later.  *See* 18 U.S.C. § 3161(c)(1); *United States v. Lugo*, 170 F.3d 996, 1001 (10th Cir. 1999).  Certain periods of delay are excluded and do not count toward the 70-day limit. *See* 18 U.S.C. § 3161(h)(1)-(9).  The basis for the defendant's motion is one such period of delay.  *See* § 3161(h)(7)(A); *see also Hill*, 197 F.3d at 440-41.  As the Tenth Circuit has counseled, "[t]he ends of justice exception to the otherwise precise requirements of the Act was meant to be a rarely used tool reserved for special cases requiring more flexible treatment than the average case." *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009)(internal quotation omitted).

Certain prerequisites must be satisfied before a continuance can qualify as an excludable "ends-of-justice" continuance under § 3161(h)(7)(A).  First, the Court must consider the quadripartite factors in section 3161(h)(7)(B):

(i)   Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;

(ii)  Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act];

(iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex;

3

  (iv)  Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i) - (iv).  After considering these factors, the Court must then set forth, "in the record of the case, either orally or in writing, the reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.* § 3161(h)(7)(A).

### III.  <u>A second 90-day exclusion is not warranted on the basis argued by the defendant</u>

The facts of this case are not unique or complicated.  The indictment charges a single individual.  The discovery in this case is not extensive.  In fact, the defendant has not made any allegations suggesting this case is extraordinary in any way.  In his initial motion, the defendant's attorney asserted a 90-day continuance was required in order to complete the following tasks:

1) Review discovery with the defendant;
2) Consult with the defendant about potential witnesses and pre-trial investigation;
3) Research legal issues;
4) Prepare motions;
5) Advise the defendant about trial, plea bargaining and sentencing, and preparing for trial or negotiating a plea.

*See* [ECF-15, p.4].  Following the granting of his original motion, the defendant had a total of 160 days to complete these tasks.  In his current motion, the defendant seeks additional time to complete the following tasks:

1. Complete pre-trial investigation;
2. Research legal issues;
3. Prepare pre-trial motions;
4. Advise the defendant as to the likelihood of success or failure at trial and the sentencing range he will face if convicted, as well as prepare for trial or negotiate a favorable disposition with the government.

[ECF-20, p.5].

The two lists are strikingly similar.  However, by granting the first motion for an ends of justice continuance, the Court has given him a reasonable time within which to do those things.  As with the first motion, each of these is a routine task that occurs, or should occur, in every criminal case.  The STA generally requires such routine tasks be completed sufficiently in advance of the 70-day date that the case will be resolved by that date.  Given that the request in this case is supported by the purported need to complete the same tasks that were the subject of the first motion, and those apparently were not done, there is no reasonable assurance that granting this motion will permit the defendant to move the ball in a meaningful way as to any of them.  The defendant makes no specific representation that an additional 90 days will matter at all or that he is likely to accomplish those tasks with the continuance that he would not be able to without the continuance.

The Tenth Circuit admonishes that such continuances are to be treated as a "rarely used tool reserved for special cases."  S*ee Toombs*, 574 F.3d at 1239.  This case, which

is not special and does not require special or complicated tasks, does not justify 180 days beyond the presumptively sufficient 70-days.

Although the defendant outlines why he believes he needs additional time to conduct investigation, nothing in his motion explains why he will be able to accomplish the necessary tasks with the requested extension. For example, why does he believe he will be able to find the transient individuals he seeks to interview with the additional time? What assurance can he give that the additional time will result in his obtaining the records he seeks? And while the defendant describes the commute required to travel to his location of detention in Washington County, Colorado, and the location of the crime being in Pueblo, Colorado, he simply doesn't explain why a few additional hours of commuting necessitates a six-month continuance for a fairly straight forward drug distribution case.

In sum, without more, the government does not believe an additional period of excluded time is justified or appropriate and it objects.

Dated this 26th day of September, 2023.

Respectfully submitted,

COLE FINEGAN
United States Attorney

BY:*s/ Daniel R. McIntyre*
Daniel R. McIntyre
Assistant United States Attorney
United States Attorney's Office
District of Colorado
1801 California Street, Suite 1600
Denver, CO 80202
Telephone: (303) 454-0100
Fax: (303) 454-0405
Email: Daniel.McIntyre@usdoj.gov
Attorney for the Government

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of September, 2023, I electronically filed the foregoing **GOVERNMENT'S RESPONSE AND OBJECTION TO THE DEFENDANT'S SECOND MOTION TO EXCLUDE NINETY (90) DAYS FROM THE SPEEDY TRIAL ACT [ECF-20]** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*s/ Ian McCandless*
Ian McCandless
Legal Assistant