IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 23-cr-00310-CNS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DOMINICK JESUS SALAZAR,

    Defendant.

## ORDER

On October 28, 2024, the government provided Defendant Dominick Jesus Salazar its notice of intent to admit certain text messages (or more accurately, photographs that Detective Marcus Juliano took of Defendant's phone depicting various Facebook Messenger text messages). The government states that the photographs are intrinsic to the crimes charged, or alternatively, are admissible to show knowledge, intent, ownership, and possession of controlled substances pursuant to Federal Rule of Evidence 404(b). *See* ECF No. 95-1 (government's notice).[1] Defendant now moves to exclude the admission of those text messages, arguing that they are not intrinsic to the crimes charged and prohibited character evidence pursuant to Rule 404(b). ECF No. 95. For the following reasons, the Court overrules Defendant's objection.

---

[1] The government indicated to Defendant that it believes that the photographs are intrinsic to the crimes charged and thus no notice is required under Rule 404(b). ECF No. 95-1 at 1. Nevertheless, the government provided the notice out of an abundance of caution. *Id.*

1

## I.  BACKGROUND

During the morning of May 23, 2023, Detective Marcus Juliano from the Pueblo Police Department was conducting surveillance at the Rodeway Inn Motel in Pueblo, Colorado. ECF No. 45 at 1. The Rodeway Inn is well known to Pueblo law enforcement as a location that is used for criminal activity, including drug dealing. ECF No. 54 at 2. Detective Juliano observed several individuals—including Mr. Salazar—entering and exiting room 328 of the hotel. ECF No. 45 at 1. Detective Juliano also observed Mr. Salazar conduct a "hand-to-hand exchange with another person." ECF No. 54 at 2.

Mr. Salazar eventually left the hotel room and walked down the stairs. *Id.* Detective Juliano was familiar with Mr. Salazar and was aware that he had an outstanding warrant for his arrest. *Id.* After confirming the warrant was still active, Detective Juliano arrested Mr. Salazar. *Id.*

The officers searched Mr. Salazar incident to his arrest and found a loaded pistol, money, and a key to room 328. ECF No. 45 at 1. The officers used the room key to perform a warrantless "protective sweep" of room 328 prior to obtaining a search warrant. *Id.* at 2. No one was found in the hotel room, but the officers observed drug paraphernalia (clear baggies and glass bongs) on the counters and dressers. *Id.* The officers put this information in the affidavit for a search warrant of the hotel room, which they obtained from a Pueblo County magistrate judge. *Id.*

Following his arrest, the officers transported Mr. Salazar to the Pueblo Police Department where he was Mirandized, ultimately waiving his rights. ECF No. 46 at 2. Mr. Salazar was then interrogated on video for approximately an hour. *Id.* During

interrogation, Mr. Salazar made several statements about buying and selling methamphetamines. *Id.* Mr. Salazar also signed several forms consenting to the search his cell phone and room 328. *Id.*

During the search of Mr. Salazar's phone, Detective Juliano took photographs of text messages from Mr. Salazar's Facebook Messenger app that he believed were relevant to demonstrate Mr. Salazar's drug trafficking activity. ECF No. 98 at 2–3; ECF No. 98-1. These are the photographs Mr. Salazar is challenging in his instant objection.

The officers obtained a search warrant shortly after the interview and returned to the hotel room. ECF No. 54 at 3. They recovered controlled substances and indicia of drug distribution. *Id.* The grand jury returned an indictment against Mr. Salazar on June 21, 2023, and a superseding indictment on April 23, 2024, alleging three counts: (1) possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii); (2) possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(1); and (3) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). ECF No. 34 (Superseding Indictment). A three-day jury trial is set to begin on November 18, 2025.

## II.   LEGAL STANDARD

When analyzing the admissibility of other acts evidence, the court must first determine whether the evidence is "intrinsic" or "extrinsic." *United States v. Kupfer*, 797 F.3d 1233, 1238 (10th Cir. 2015). Evidence is intrinsic when it is "directly connected to the factual circumstances of the crime and provides contextual or background information to the jury." *Id.* (citation and quotation marks omitted); *see also United States v. Irving*,

665 F.3d 1184, 1212 (10th Cir. 2011) ("Other act evidence is intrinsic . . . when the evidence of the other act and the evidence of the crime charged are inextricably intertwined or both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged." (quoting *United States v. Lambert*, 995 F.2d 1006, 1007–08 (10th Cir. 1993))). Federal Rule of Evidence 404(b) does not apply to other act evidence that is intrinsic to the crime charged. *United States v. Irving*, 665 F.3d 1184, 1212 (10th Cir. 2011). Rather, intrinsic evidence is "admissible so long as it satisfies the requirements of Fed. R. Evid. 403—which asks whether the evidence's probative value is substantially outweighed by the danger of unfair prejudice." *United States v. Little*, 119 F.4th 750, 777 (10th Cir. 2024).

Extrinsic evidence, on the other hand, "is extraneous and is not intimately connected or blended with the factual circumstances of the charged offense." *Kupfer*, 797 F.3d at 1238 (citation and quotation marks omitted). When admitting extrinsic evidence of other bad acts, a district court must apply Rule 404(b). Rule 404(b) expressly allows for such evidence to be admitted for the purposes of "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). The Tenth Circuit has established a four-factor test when determining the admissibility of evidence under Rule 404(b):

> (1) the evidence must be offered for a proper purpose; (2) the evidence must be relevant; (3) the trial court must make a [Fed. R. Evid.] 403 determination of whether the probative value of the similar acts is substantially outweighed by its potential for unfair prejudice; and (4) . . . the trial court shall, upon request, instruct the jury that evidence of similar acts is to be considered only for the proper purpose for which it was admitted.

4

*Joseph*, 108 F.4th at 1284 (quoting *United States v. Davis*, 636 F.3d 1281, 1297 (10th Cir. 2011)).

### III.  ANALYSIS & ORDER

The Court has reviewed the text messages Defendant seeks to exclude. To start, the Court finds that the challenged text messages are relevant and intrinsic to Count 1 (possession with intent to distribute methamphetamine) and potentially Count 3 (possession of a firearm in furtherance of a drug trafficking crime). It appears that the communications are between Defendant and 13 others, and begin on April 11, 2023, and continue until May 22, 2023, the day before Defendant's arrest. *See* ECF No. 98-1. According to the government, its expert witness will testify that these messages relate to the possession and sale of heroin, methamphetamine, and fentanyl.[2] ECF No. 98 at 3. Thus, such discussions are inextricably intertwined to at least Count 1 and are "directly connected to the factual circumstances of the crime and provide[] contextual or background information to the jury." *Kupfer*, 797 F.3d at 1238. The Court further observes that some of these communications could properly be classified as direct evidence of the crime charged and not other acts at all. The grand jury charged Defendant with possession with intent to distribute methamphetamine "on or about May 23, 2023." ECF No. 34. On May 23, 2023, investigators recovered half a pound of methamphetamine from

---

[2] For example, on May 20 and 21, shortly before Defendant's arrest on May 23, 2023, "Stacey" appears to write, "I got a gang of people wanting the b and blues," and "Hey, you got some b." ECF No. 98-1 at 27. Another example is an exchange between Defendant and Esther Gallegos on April 16, 2023. There, Esther Gallegos asks for water, and Defendant responds, "yes, picking up my elbow now k." *Id.* at 3–5. The government represents that its expert will testify that "B" is short for heroin, "blues" is slang for fentanyl pills, "water" is methamphetamine, and "elbow of water" is a pound of meth. ECF No. 98 at 4.

room 328. ECF No. 98 at 8. Thus, the government may argue that the half pound of meth recovered on May 23, 2023, is what remained of the pound of meth (or "elbow of water") that Defendant purportedly picked up on April 16, 2023, as evidenced by his communications with Esther Gallegos. *See* ECF No. 98-1 at 3–5.

Next, the Court finds that the probative value of this evidence is not substantially outweighed by the danger of unfair prejudice to Defendant. The pictures merely show Defendant's somewhat cryptic communications with other individuals.

Having determined that the photographs are intrinsic evidence, the Court need not engage in a Rule 404(b) analysis. *Irving*, 665 F.3d at 1212. However, even if the Court had determined that the pictures are extrinsic evidence and thus subject to Rule 404(b), the Court would still find the evidence admissible.

The first factor asks whether the evidence will be offered for a proper purpose. The government represents that Defendant's communications discussing the possession and sale of controlled substances is probative of his knowing possession of the drugs. The photographs also purport to demonstrate his intent to distribute the drugs. The Court finds that these are proper purposes to introduce the challenged evidence. *United States v. Watson*, 766 F.3d 1219, 1237 (10th Cir. 2014) ("Our court has time and again held that past drug-related activity is admissible other-acts evidence under Rule 404(b) to prove, *inter alia,* that the defendant had the knowledge or intent necessary to commit the crimes charged.").

Second, the messages are plainly relevant, as they tend to demonstrate Defendant's possession of the recovered methamphetamine despite the evidence of

6

other people in and around the hotel room at the time of his arrest. And as noted above, they also purport to demonstrate Defendant's intent to distribute the drugs.

Third, the Court has already held that the probative value of this evidence is not substantially outweighed by the danger of unfair prejudice to Defendant. Evidence that may merely undermine Defendant's theory of the defense does not automatically rise to the level of unduly prejudicial. *United States v. Esquivel-Rios*, 725 F.3d 1231, 1240 (10th Cir. 2013).

As for the fourth factor, if necessary, the government does not object to a limiting instruction[3]—although Defendant has not requested one, and the Court does not find that one is necessary at this point because this evidence is intrinsic to the crimes charged.

Accordingly, Defendant's objection, ECF No. 95, is overruled.

DATED this 13th day of November 2024.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge

---

[3] For example, the Court could direct the jury to only consider the evidence to prove Defendant's intent and knowledge but not for propensity purposes. *See Esquivel-Rios*, 725 F.3d 1231, 1240 (10th Cir. 2013).